UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN ROE and JANE DOE, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMGEN INC., a Delaware Corporation,<br><br>Defendant. | Case No. 2:23-cv-07448-MCS-SSC<br><br>**ORDER ON DEFENDANT'S MOTION TO DISMISS (ECF NO. 70)** |

Defendant Amgen Inc. filed a motion to dismiss Count III of Plaintiffs John Roe and Jane Doe's fourth amended complaint. (4AC, ECF No. 69; Mot., ECF No. 70.) Plaintiffs opposed, (Opp'n, ECF No. 74), and Defendant replied, (Reply, ECF No. 75). The Court deemed Defendant's motion appropriate for decision without oral argument. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

**I.  BACKGROUND**

Plaintiffs John Roe and Jane Doe filed a putative class action against Defendant Amgen asserting three claims for relief: (1) common law invasion of privacy; (2) invasion of privacy in violation of article 1, section 1 of the California Constitution; and (3) violation of the California Confidentiality of Medical Information Act

1

1   ("CMIA"), Cal. Civ. Code § 56.101. (4AC ¶¶ 192–224.) The Court incorporates the
2   summary of the allegations from a prior order. (*See* SAC MTD Order 2–3, ECF No. 59.)
3   In short, Plaintiffs assert that Defendant's website unlawfully collects their personal
4   information and shares it with advertising tracking companies. (*See generally* 4AC.)
5   The Court previously dismissed Plaintiff Doe's first amended complaint for her
6   "fail[ure] to plausibly plead facts to sustain any of her claims, which all rel[ied] on the
7   same underlying theory that Defendant collected her personal information and disclosed
8   it to unauthorized third parties." (FAC MTD Order 5, ECF No. 44.) Plaintiff filed a
9   second amended complaint (SAC, ECF No. 48), which Defendant moved to dismiss,
10  (SAC MTD, ECF No. 51). The Court granted Defendant's motion as to Counts III
11  through IX but permitted Plaintiff leave to amend Counts III, VII, and VIII. (SAC MTD
12  Order 19, ECF No. 59.) Plaintiff Doe filed a third amended complaint, (TAC, ECF No.
13  60), and with leave of Court, (Mot. to Am. Order 2, ECF No. 68), added Plaintiff Roe
14  to the action in the fourth amended complaint, which only asserts Counts I–III. (4AC
15  ¶¶ 192–224.) Defendant moves to dismiss Count III. (Mot. 1.)

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Generally, a court must accept the factual allegations in the pleadings as true and view them in the light most favorable to the plaintiff. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017); *Lee v. City of Los*

*Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### III. DISCUSSION

Defendant moves to dismiss Count III on the ground that Plaintiffs do not sufficiently allege that any unauthorized third party actually viewed Plaintiffs' personal information. (Mot. 1.)

Plaintiffs bring Count III pursuant to CMIA section 56.101(a), which requires a pharmaceutical company to preserve the confidentiality of medical information it maintains. Under section 56.101, a plaintiff must plead that personal data was "improperly viewed or otherwise accessed." *Cousin v. Sharp Healthcare*, 681 F. Supp. 3d 1117, 1128 (S.D. Cal. 2023), *vacated on other grounds*, 2024 U.S. Dist. LEXIS 48697, at *26–28 (S.D. Cal. Mar. 18, 2024). In their second amended complaint, Plaintiffs merely alleged that their data was disclosed to unauthorized third parties, (*see* SAC ¶¶ 33, 101–02, 119), but did not include allegations that any third party viewed the data, (*see generally id.*). As a result, the Court dismissed the claim. (SAC MTD Order 9.)

In their fourth amended complaint, Plaintiffs attempt to cure this deficiency. Notably, they add detail that unauthorized third parties "accessed, viewed, scanned, and used the [confidential] information they received . . . from Amgen for their own purposes . . . including for highly targeted advertising and to personalize their own products." (4AC ¶ 33; *see id.* ¶¶ 138–44.) Plaintiffs essentially have two bases for this allegation: first, that they received personalized advertising related to their medical conditions after registering on Amgen's website, (*id.* ¶¶ 151, 163); and second, that expert testing "confirm[ed]" that information submitted through Amgen's tracking pixels is scanned, analyzed, and used by Google and Meta, (*id.* ¶¶ 55–57). Specifically, the expert testing showed that "Meta and Google received data through the pixels Amgen had embedded on its website when the experts and Plaintiffs used the website,

and then [these] third parties 'accessed it, viewed it, scanned it, and matched it'" with test Facebook and Google accounts. (Opp'n 6 (quoting 4AC ¶ 56).) Defendant critiques Plaintiffs' experts' analysis and argues that none of the testing is sufficient to show that a third party actually viewed *Plaintiffs'* specific data. (Mot. 4–5, 8–11.) As a result, Defendant maintains that Plaintiffs have still not sufficiently stated a claim.

The Court disagrees. The present case is strikingly similar to *Doe v. Regents of University of California*, 672 F. Supp. 3d 813 (N.D. Cal. 2023), on which Plaintiffs rely and which Defendant fails to distinguish. In *Doe*, the plaintiff alleged similar claims on similar facts; after registering for the UC Regents' health system's patient portal, the plaintiff received personalized advertising due to Meta Pixel allegedly accessing the plaintiff's medical data from patient portal's website. *Id.* at 815. UC Regents moved to dismiss, in part, because the plaintiff did not allege what medical information was transmitted to Meta, how any purportedly transmitted data could be traced back to the plaintiff, or that any such data was viewed by an unauthorized party. *Id.* at 818–19. The court rejected these arguments and found that a plaintiff need only allege that a third party "acted upon the information transmitted to it by tailoring advertisement to her based on her medical condition." *Id.* at 819. This alone was "sufficient to raise a plausible claim" in violation of CMIA section 56.101. *Id.* The court in *Doe* appropriately noted that to ask more from a plaintiff "would place the burden on her to describe UC Regents' technical systems without the benefit of discovery." *Id.* Other courts have let similarly pleaded allegations survive. *See, e.g.*, *Statsi v. Inmediata Health Grp. Corp.*, 501 F. Supp. 3d 898, 923 (S.D. Cal. 2020) (concluding that even "threadbare and conclusory" statements that third parties viewed confidential data may be sufficient "[w]hen read in the light most favorable to Plaintiffs" and when there is at least a "somewhat factual" basis for the claim); *Cousin*, 702 F. Supp. 3d at 975.

This Court finds Plaintiffs' amended Count III sufficient to survive Defendant's motion to dismiss. Here, Plaintiffs registered for Amgen's website and soon after began receiving personalized advertisements related to their unique medical conditions. On

4

this basis, they allege that third-party trackers on Amgen's website accessed their data, viewed their data, and then used the data to create these bespoke advertisements. To support this claim, they offer expert findings to show that third-party trackers are indeed present on Amgen's website, scrape patients' medical data, and then view and use such data for advertising purposes. The Court notes that the expert testing did not indicate whether *Plaintiffs'* data was viewed, but it is unclear how Plaintiffs could show this without discovery. Logically, if third parties are viewing and accessing the data of test accounts and issuing tailored advertisements for those accounts, the complaint raises a reasonable inference that Plaintiffs had the same experience. Therefore, Plaintiffs allegations are sufficient to state a claim for violation of CMIA section 56.101.

Defendant's critique of the experts' findings may be legitimate, but the credibility of these findings is a factual issue, not a legal issue. For the purposes of this motion, the Court accepts the findings as true, and believes that this presents a sufficient factual basis to suggest that third parties viewed and accessed Plaintiffs' confidential information. Defendant also argues that Plaintiff has not alleged that a "natural person" viewed the data. (Mot. 9.) The Court is not convinced that Plaintiffs need to allege that a "natural person" viewed the data. Indeed, the CMIA statute makes no reference to a natural person viewing the data, nor does the case law interpreting the statute clearly state that a "natural person" must view the data. Even if this were the requirement, again, Plaintiff would not be able to determine who exactly viewed the data without discovery.

///

## IV. CONCLUSION

For the reasons stated above, the Court denies Defendant's motion to dismiss Count III. Defendant shall answer the fourth amended complaint within 14 days. Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**

Dated: October 10, 2024

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE