UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:23-cv-07448-MCS-SSC | Date March 25, 2025 |
| Title *Doe v. Amgen* | |

Present: The Honorable  Mark C. Scarsi, United States District Judge

| Stephen Montes Kerr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER RE: MOTION TO REMAND (ECF NO. 95) (JS-6)

Defendant Amgen, Inc. removed this case from Ventura County Superior Court to this Court. (Not. of Removal, ECF No. 1.) Plaintiffs John Roe and Jane Doe moved to remand. (Mot., ECF No. 95.) Defendant opposed, (Opp'n, ECF No. 111), and Plaintiffs replied, (Reply, ECF No. 112). The Court deemed the motion appropriate for decision without oral argument. (Mins., ECF No. 113.)

I. **BACKGROUND**

Plaintiff Jane Doe filed a putative class action complaint against Defendant asserting eight state law claims and one federal claim for violation of the Electronic Communications Privacy Act ("ECPA"). (*See* Compl. ¶¶ 95–200, ECF No. 1-2.) Defendant filed a notice of removal and contended that the Court had federal-question jurisdiction over the federal claims, and supplemental jurisdiction over the remaining claims. (Not. of Removal ¶¶ 6–8.) In the first amended complaint, Plaintiffs alleged, for the first time, that the Court had jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). (FAC ¶ 9, ECF No. 27.) After motion to dismiss briefing, the Court dismissed the ECPA claim without leave to amend. (MTD Order 10–11, 17, ECF No. 59.) All that remains in this case are three state law claims.

(4AC ¶¶ 192–224, ECF No. 69.) The parties had not raised jurisdictional issues until Plaintiffs' present motion to remand.

## II.  LEGAL STANDARD

In an action over which a district court possesses original jurisdiction, the court "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). District courts have discretion to decline to exercise supplemental jurisdiction if:

> (1)  the claim raises a novel or complex issue of State law,
> (2)  the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3)  the district court has dismissed all claims over which it has original jurisdiction, or
> (4)  in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The Supreme Court has described 28 U.S.C. § 1367(c) as a codification of the principles of "economy, convenience, fairness, and comity" that underlie the Supreme Court's earlier jurisprudence concerning pendent jurisdiction. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 172–73 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." (footnotes and citation omitted)). The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *Int'l Coll. of Surgeons*, 522 U.S. at 173 (quoting *Cohill*, 484 U.S. at 350). Additionally, if a plaintiff files an

amended complaint that excises any federal law claims, the court may not exercise supplemental jurisdiction over the state law claims. *Royal Canin U.S.A. v. Wullschleger*, 604 U.S. 22, 25–26 (2025) ("When an amendment excises the federal-law claims . . . , the federal court loses its supplemental jurisdiction over the related state-law claims.").

The Ninth Circuit does not require an "explanation for a district court's reasons [for declining supplemental jurisdiction] when the district court acts under" 28 U.S.C. § 1367(c)(1)–(3). *San Pedro Hotel Co. v. City of Los Angeles*, 159 F.3d 470, 478 (9th Cir. 1998). When a court declines supplemental jurisdiction under 28 U.S.C. § 1367(c)(4), however, the court must "articulate why the circumstances of the case are exceptional" and "consider what best serves the principles economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *Arroyo v. Rosas*, 19 F.4th 1202, 1210 (9th Cir. 2021) (internal quotation marks omitted). "These two inquiries are 'not particularly burdensome'"; the "'court simply must articulate why the circumstances of the case are exceptional in addition to inquiring whether the balance of the *Gibbs* values provide[s] compelling reasons for declining jurisdiction in such circumstances.'" *Id.* at 1211 (alteration in original) (quoting *Executive Software N. Am., Inc. v. U.S. Dist. Ct. for the Cent. Dist. of Cal.*, 24 F.3d 1545, 1558 (9th Cir. 1994)).

## III. DISCUSSION

### A. Supplemental Jurisdiction

The issue in front of the Court is relatively unique in light of the Supreme Court's ruling in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025): whether a federal court can retain jurisdiction over a case after it dismisses all federal claims without leave to amend but permits amendment of state law claims, after which a plaintiff files an amended complaint eliminating the dismissed federal claim but retaining amended state law claims.

Plaintiffs argue that the Court cannot exercise supplemental jurisdiction over the state law claims because they removed their federal claim in their third amended complaint, (*see* TAC, ECF No. 60), and the operative fourth amended complaint also contains no federal claims, (*see* 4AC). (Mot. 4–5.) Defendant responds that the Court can retain supplemental jurisdiction over the state law claims because *Royal Canin* only prohibits courts from retaining supplemental jurisdiction over state claims once the federal claim is voluntarily dropped, not when the claim is dismissed without

leave to amend. (Opp'n 7–8.) Defendant maintains that the Court has discretion to exercise supplemental jurisdiction, and that Plaintiffs are engaged in "gamesmanship" that amounts to a "blatant attempt at forum shopping," (*Id.* at 1, 9; *see also id.* at 9–11). The Court sympathizes with Defendant's position but concludes that remand is appropriate.

*Royal Canin* instructs courts that once a plaintiff drops all federal claims, the "federal anchor [is] gone, [so] supplemental jurisdiction over the residual state claims disappears as well." *Royal Canin*, 604 U.S. at 39. The Supreme Court distinguished this posture from those "[w]hen federal claims are dismissed by the district court," because in that case "an appellate court may yet revive" the claims. *Id.* at 33. Therefore, it appears that the Court expressly considered two scenarios: one where a plaintiff amends its complaint to voluntarily drop all federal claims, upon which a court is obligated to remand or dismiss; and a second where a court dismisses the federal claims, upon which a court is permitted to retain supplemental jurisdiction. The present case most closely mirrors the latter scenario, but it is also distinguishable because Plaintiffs filed an amended complaint in which they removed the federal claims.[1] It is for this reason that the Court is inclined to conclude that remand is appropriate. The Supreme Court clearly provided that "when an amended complaint is filed, the jurisdictional basis for the suit is reviewed anew," and if nothing in the new complaint falls within the court's jurisdiction, then the court is unable to exercise supplemental jurisdiction. *Id.* at 34; *see also id.* at 35 ("The amended complaint becomes the operative one; and in taking the place of what has come before, it can either create or destroy jurisdiction.").

Courts in this circuit have followed this logic, albeit in different procedural contexts. *See Brown v. Metro by T-Mobile*, No. 2:24-cv-01927-WLH-MAR, 2025 U.S. Dist. LEXIS 24774, at *12–13 (C.D. Cal. Feb. 10, 2025) (dismissing action for lack of jurisdiction after plaintiff filed amended complaint without federal claims and noting that plaintiffs are the "masters of the complaint" (internal quotation marks omitted)); *Baldwin v. Kalispell Sch. Dist. #5*, No. CV23-127-M-DWM, 2025 U.S. Dist. LEXIS 13044, at *3–4 (D. Mont. Jan. 24, 2025) (finding that jurisdiction follows the operative complaint and therefore dismissing amended complaint with only state law claims for lack of jurisdiction). Indeed, these courts came to their conclusions despite acknowledging that the plaintiffs had engaged in forum shopping. *See Brown*, 2025 U.S. Dist. LEXIS 24774, at *13; *Baldwin*, 2025 U.S.

---

[1] Neither party offers the Court a post–*Royal Canin* case with identical posture. Indeed, there may not be one.

Dist. LEXIS 13044, at *4. In this case, Plaintiffs' third and fourth amended complaints lack any federal claims.[2] Therefore, since the operative pleading should be assessed for jurisdiction, the Court believes that remand or dismissal of the remaining state law claims is appropriate.

Even if the Court's reading of *Royal Canin* is too broad, it would still decline supplemental jurisdiction over the remaining state law claims in this case. *See Lee-Hillman v. Allegiance Corp. (In re Latex Glove Prods. Liab. Litig.)*, 373 F. Supp. 2d 1205, 1208 (W.D. Wash. 2005) ("A court may decline supplemental jurisdiction at any stage of the litigation and the fact that it may have previously exercised such jurisdiction is not a bar to later relinquishing it."). *Royal Canin* appears to endorse this exercise of discretion, too. *See Royal Canin*, 604 U.S. at 32 (suggesting that even if a court retains supplemental jurisdiction "the district court need not exercise it: Instead the court may (and indeed, ordinarily should) kick the case to state court"). Here the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) and (4). Under the former, it is evident that the Court has dismissed all claims over which it has original jurisdiction. Under the latter, the Court considers this is an "exceptional circumstance," where erring on the side of remand best resolves any potential ambiguity over the Court's continuing exercise of jurisdiction given the guidance in *Royal Canin*. Therefore, remand is appropriate.

### B.    CAFA Jurisdiction

Plaintiffs also contend that abstention provisions under CAFA require remand. (Mot. 6.) In its opposition, Defendant declines to respond to these arguments because it only removed the case under federal question and supplemental jurisdiction. (Opp'n 9 n.3.) Indeed, the Court will not consider whether it has jurisdiction under CAFA because the original complaint did not plead CAFA jurisdiction, and at the time of removal Defendant did not claim that CAFA jurisdiction was present. It was only in the first amended complaint that any party referenced CAFA jurisdiction. (FAC ¶ 9.) However, invoking CAFA jurisdiction after removal is improper. The Ninth Circuit has instructed courts to analyze jurisdiction "on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th

---

[2] Defendant argues that Plaintiffs should have raised the issue of supplemental jurisdiction earlier, but the Court agrees that *Royal Canin* changed the supplemental jurisdiction analysis such that Plaintiffs may not have thought they had a basis to contest the Court's jurisdiction.

Cir. 1998). As a result, district courts have disregarded jurisdictional arguments regarding CAFA that were not raised at the time of removal. *Gallegos v. Comerica Bank*, No. CV 11-01938 MMM (PLAx), 2011 U.S. Dist. LEXIS 82735, at *11–15 (C.D. Cal. July 27, 2011) (declining to consider later arguments regarding whether the court had CAFA jurisdiction because defendants only removed on the basis of diversity jurisdiction, and the removal period had expired). Therefore, to the extent any part asserts the Court has CAFA jurisdiction, the Court declines to consider the question.

## IV.   CONCLUSION

The Court grants Plaintiff's motion to remand. The case is remanded to Ventura County Superior Court, Case No. 2023CUNP012132. The Court directs the Clerk to effect the remand immediately and close the case.

**IT IS SO ORDERED.**